UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TONY TERRELL MARTIN, #327322,

        Petitioner,

v.                         CIVIL ACTION NO. 2:05cv687

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.

## I. STATEMENT OF THE CASE

### A. Background

On September 2, 3003, Petitioner, Tony Terrell Martin ("Martin"), was convicted in the Circuit Court for the City of Newport News ("Circuit Court") of possession of cocaine with the intent to distribute, possession of heroin with the intent to distribute, and obstruction of justice.[1]  On November 5, 2003,

---

[1]Martin was represented at trial and at the subsequent sentencing by William McL. Ferguson, III, Esq. ("Attorney Ferguson"). Though Attorney Ferguson filed a petition for appeal

Martin was sentenced to a total of twenty-five (25) years imprisonment, of which eighteen (18) years were suspended, as reflected in the court's sentencing orders dated November 5, 2003.

On December 5, 2003, Attorney Ferguson filed a notice of appeal on Martin's behalf to the Court of Appeals of Virginia ("Court of Appeals"). On August 12, 2004, the Court of Appeals denied Martin's petition for appeal, finding "the case to be wholly frivolous."[2] Record No. 0326-04-1 ("Martin I"). Martin filed no additional direct appeals.

On December 15, 2004, Martin filed a pro se petition for a

─────────────

on Martin's behalf, his motion to withdraw as counsel was ultimately granted by the Court of Appeals of Virginia. See infra note 2.

[2]Though the Court's record does not contain Martin's appeal, the Court of Appeals' decision in Martin I is sufficiently detailed for the Court to determine the grounds raised on appeal and the court's reasoning for rejecting that appeal. In that decision, the Court of Appeals granted Attorney Ferguson's motion to withdraw as counsel and noted that, upon receiving notice of the motion to withdraw, Martin filed a supplemental pro se petition for appeal, in which he adopted Attorney Ferguson's petition and presented additional questions for consideration. Martin I, at 1, 3.

It appears that Martin presented two (2) claims in his appeal: (1) the evidence at trial was insufficient to prove an intent to distribute heroin and cocaine; and (2) the trial court incorrectly found Martin guilty based upon an expert's opinion that went to the ultimate issue of fact. As to the first ground, the Court of Appeals determined that based on the evidence at trial, including the opinion of Detective Nesbitt, the Commonwealth's expert witness in the illegal distribution of narcotics, there was sufficient evidence for the trial court to conclude beyond a reasonable doubt that Martin possessed the heroin and cocaine with the intent to distribute. Id. at 3. As to the second ground, the Court of Appeals found that because Martin did not present this claim to the trial court, the court could not consider the claim for the first time on appeal. Id.

writ of habeas corpus in the Circuit Court ("first state habeas petition").[3]  The Circuit Court dismissed the petition by order dated April 13, 2005.[4]  CR70H32791 (<u>Martin II</u>).

---

[3]The petition was executed by Martin on November 29, 2004, but was not received and filed by the court until December 15, 2004. In that petition, Martin raised the following grounds:
   1. Ineffective assistance of counsel for failure to file a motion to suppress evidence acquired based on an invalid search warrant in violation of the Fourth Amendment;
   2. Ineffective assistance of counsel for failure to object to Martin's illegal unlawful arrest in violation of the Fourth Amendment; and
   3. Ineffective assistance of counsel for failure to file a motion for discovery to investigate conflicting information provided by a confidential informant in violation of the Sixth Amendment.

[4]In dismissing the petition, the Circuit Court determined that Martin's petition failed under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), discussed <u>infra</u>, because:
   1. As to ground 1, counsel was not ineffective because the record did not suggest any grounds on which to file a motion to suppress, thus even if such a motion had been filed, it would have failed.  Martin failed to establish a reasonable likelihood of a different outcome under <u>Strickland</u>;
   2. As to ground 2, counsel was not ineffective because under <u>Terry v. Ohio</u>, 392 U.S. at 1, 30 (1968), the arresting officer was entitled to "command" Martin to place his hands behind his back "to maintain the status quo and to protect himself," and because the record did not support the argument that Martin had actually been "seized" since Martin did not comply with the arresting officer's command.  Thus, even if a motion to suppress had been filed, it would have failed.  Martin's claim failed under both the "performance" and "prejudice" prongs of <u>Strickland</u>; and
   3. As to claim 3, counsel was not ineffective because the record indicates that counsel did adduce certain evidence pertaining to the discrepancy between the testimony of the police officer regarding the time he received a tip from the confidential informant and the time noted on the facsimile copy of the outstanding capias received by the police.  Further, counsel was not required, under <u>Strickland</u>, to pursue such a "highly unpromising avenue of evidence."  Martin's claim failed under both the "performance" and "prejudice" prongs of <u>Strickland</u>.

On April 22, 2005, Martin filed a <u>pro se</u> petition for a writ of habeas corpus in the Supreme Court of Virginia ("second state habeas petition").[5]  Thereafter, on July 5, 2005, Martin filed with the Supreme Court of Virginia a petition for appeal of the Circuit Court's denial of the first state habeas petition ("petition for appeal of first state habeas petition").[6]  On October 18, 2005, the Supreme Court of Virginia refused the petition, finding no reversible error in the Circuit Court's decision.   Record No. 051391 ("<u>Martin III</u>").

On February 23, 2006, while in the custody of the Virginia Department of Corrections at the Southampton Work Center,[7] Martin

---

[5]The petition was executed by Martin on April 20, 2005, but was not received and filed by the court until April 22, 2005.  In that petition, Martin raised the same grounds as presented in his first state habeas petition, namely:

1. Ineffective assistance of counsel for failure to file a motion to suppress evidence acquired based on an invalid search warrant in violation of the Fourth Amendment;

2. Ineffective assistance of counsel for failure to object to Martin's illegal unlawful arrest in violation of the Fourth Amendment; and

3. Ineffective assistance of counsel for failure to file a motion for discovery to investigate conflicting information provided by a confidential informant in violation of the Sixth Amendment.

[6]It appears that Martin intended for this petition to replace or supplement his earlier-filed petition.  The grounds raised in this petition were identical to those raised in the first state habeas petition.  <u>See supra</u> note 3.  In any event, the Supreme Court of Virginia appears to have considered both documents (collectively referred to as "state habeas petitions") in rendering its decision to deny Martin's appeal.

[7]On March 20, 2006, the Court learned that Martin had been moved from the Dinwiddie Correctional Unit to the Southampton Work Center, where he is presently confined.

executed the instant federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Federal Petition").[8]  The Court filed this petition on March 31, 2006.  On March 31, 2006, the Court entered an Order directing Respondent to file a response to Martin's petition.  On April 18, 2006, Respondent filed Respondent's Motion to Dismiss and Rule 5 Answer accompanied by a supporting brief and a Notice of Motion Pursuant to Local Rule

---

[8]The Federal Petition was executed on February 23, 2006, was received by the United States District Court for the Eastern District of Virginia, Richmond Division, on March 2, 2006, and was conditionally filed with this Court on March 9, 2006, since it was not accompanied by either the $5.00 filing fee or a request to proceed in forma pauperis.  Subsequently, Martin paid the required $5.00 filing fee, and the Court ordered the petition to be filed as of March 31, 2006.  Pursuant to the Rules Governing Section 2254 Cases in the United States District Courts, Rule 3(d), as amended on December 1, 2004, the Court recognizes the prison mailbox rule for federal habeas petitions.  Accordingly, as there is no evidence in the record to the contrary, the Court will assume that Martin delivered his federal habeas petition for mailing on the date he signed it, February 23, 2006.  Further, the Court considers Martin's petition as filed, for statute of limitations purposes, on that date.

The Court further notes that the Federal Petition was deemed as an amended petition because it was actually the second petition Martin filed with this Court.  The first petition, executed October 27, 2005, was received by the United States District Court for the Eastern District of Virginia, Richmond Division, on November 14, 200, and was conditionally filed with this Court on November 30, 2005, since it was on an improper form.  The first petition was assigned Civil Action No. 2:05cv687.  Martin filed the instant Federal Petition using the proper form, but that petition was erroneously filed as a separate action, under Civil Action No. 2:06cv130.  By the Court's Order, dated March 14, 2006, the instant Federal Petition was filed as an amendment to the first petition, Civil Action No. 2:06cv130 was merged into Civil Action No. 2:05cv687, and Civil Action No. 2:06cv130 was closed.

7(J).[9]  The Court received no reply from Martin to Respondent's Motion to Dismiss.[10]

## B. **Grounds Alleged**

Martin now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the reasons substantially as follow:

(1)  His conviction was based on evidence obtained as a result of an illegal search and seizure in violation of the Fourth Amendment because the search warrant was defective.  This issue was never raised on direct appeal, Martin asserts, because counsel failed to object at trial (claim 1 in state habeas petitions);

(2)  His conviction was a result of an illegal arrest in violation of the Fourth Amendment because the arresting officer detained Martin and instructed him to place his hands behind his back without first obtaining probable cause.  This issue was never raised on direct appeal, Martin asserts, because counsel failed to object at trial (claim 2 in state habeas petitions);

(3)  Ineffective assistance of counsel for failure to file a motion to suppress evidence based on violation of Martin's Fourth Amendment rights as presented in claims 1 and 2 (raised in claims 1 and 2 of Martin's state habeas petitions).  This issue was never raised on direct appeal, Martin asserts, because ineffective assistance of counsel claims are only cognizable in habeas; and

(4)  Ineffective assistance of counsel for failure to object at trial or to file a motion for discovery to investigate conflicting information provided by a confidential informant in violation of Martin's

---

[9]The Court notes that Respondent's Notice of Motion erroneously referred to the Local Rule 7(J), instead of Local Civil Rule 7(K), but the Notice complied with the requirements of Roseboro v. Garrison, 582 F.2d 309 (4th Cir. 1975).  This included advising Martin that he had twenty (20) days in which to file a response to the Motion to Dismiss.

[10]On April 10, 2006, the Court received Martin's Motion to Appoint Counsel, which the Court denies infra.

> Sixth Amendment rights (raised in claim 3 of
> Martin's state habeas petitions). This issue was
> never raised on direct appeal, Martin asserts,
> because ineffective assistance of counsel claims
> are only cognizable in habeas.

Martin did not raise these claims in his direct appeal, but he
asserted the essence of these claims in his state habeas petitions.

## II. <u>PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING AND MOTION FOR APPOINTMENT OF COUNSEL</u>

As a preliminary matter, the Court considers Martin's request
for an evidentiary hearing, Federal Petition, at 15, and motion for
appointment of counsel. The Court has determined that an
evidentiary hearing is not required, as purely legal issues are
presented and the record before the Court adequately resolves the
legal issues raised. <u>See</u> Rule 8 of the Rules Governing Section
2254 Cases. Moreover, Martin has not alleged any "exceptional
circumstances" that would warrant appointment of counsel in this
matter. <u>See</u> <u>Cook v. Bounds</u>, 518 F.2d 779, 780 (4th Cir. 1975);
<u>Griffin v. Virginia</u>, 606 F. Supp. 941, 943 (E.D. Va. 1985), <u>aff'd</u>,
780 F.2d 1018 (4th Cir. 1985) (unpublished table decision).
Accordingly, the Court DENIES Martin's motion for an evidentiary
hearing and DENIES Martin's motion for appointment of counsel.

## III. <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

The Court FINDS that each of Martin's claims are exhausted,
and that claims 3 and 4 should be addressed on the merits.[11]  The

---

[11]The Court notes that Respondent has not addressed whether
Martin's Federal Petition was timely filed.  It appears that

Court further FINDS that claims 1 and 2 are procedurally defaulted, and while Martin has demonstrated cause to excuse the procedural default, he has failed to demonstrate actual prejudice to excuse the procedural default. Accordingly, the Court declines to address claims 1 and 2 on the merits.

## A. Exhaustion Requirement

Ordinarily, a state prisoner must exhaust remedies available in state court before seeking federal habeas corpus relief. 28 U.S.C. § 2254(b) and (c); Picard v. Conner, 404 U.S. 270, 275 (1971). As such, this Court cannot grant habeas relief unless Martin has exhausted the remedies available to him in the courts of Virginia. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Exhaustion may be accomplished either on direct appeal or in post-

---

Martin's conviction became final on November 10, 2004, which was ninety (90) days after the denial of his direct appeal on August 12, 2004 by the Court of Appeals of Virginia and the date upon which the period for seeking direct review of his conviction by the United States Supreme Court expired. See U.S. Sup. Ct. R. 13(1); Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Accordingly, Martin had a one (1) year statute of limitations from that date, or until November 10, 2005, in which to file his habeas petition with this Court. 28 U.S.C. § 2244(d)(1). However, because the limitations period may be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ," 28 U.S.C. § 2244(d)(2), Martin was entitled to tolling for 307 days while his various state habeas petitions were pending (between December 15, 2004, the date the first state habeas petition was filed, and October 18, 2005, the date the petition for appeal was dismissed by the Supreme Court of Virginia). Accordingly, Martin had until September 13, 2006 to file his federal habeas petition. Because the instant Federal Petition was considered as filed on February 23, 2006, for statute of limitations purposes, it was timely filed in this Court.

conviction proceedings.  See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (if a claim has been addressed by the state's highest court on either direct or collateral review, it is exhausted) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997).  "Section 2254(c) requires only that state prisoners give state courts a fair opportunity to act on their claims," thus a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  Id. at 844-45 (emphasis in original). In order for a claim to be considered exhausted, it must be "'fairly presented' to the state courts," which means "that both the operative facts and the 'controlling legal principles'" must be presented to the state court."  Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (quoting Pickard v. Connor, 404 U.S. 270, 275-78 (1971); Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992)); Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993) (exhaustion requirement is satisfied when "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court.")

It is the petitioner's burden to prove that his claims have been exhausted.  Matthews, 105 F.3d at 911.  If his claims could not be exhausted in state court because they were procedurally

barred in state court pursuant to an adequate and independent state procedural rule, the claims are procedurally defaulted in federal court and federal habeas review is ordinarily barred.  Coleman v. Thompson, 501 U.S. 722, 750 (1991); Matthews, 105 F.3d at 911 ("the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when . . . a state procedural rule would bar consideration if the claim was later presented to the state court").  Such claims are treated as procedurally defaulted and barred from this Court's review. Clagett v. Angelone, 209 F.3d 370, 378-79 (4th Cir. 2000).

### 1. Claims 3 and 4

Respondent has asserted that the instant claims 3 and 4 are exhausted because Martin raised these claims in his state habeas petitions.[12]  Brief in Support of Rule 5 Answer and Motion to Dismiss, at 2 ("Respondent's Brief").  The Court concurs with Respondent's assertion and FINDS that claims 3 and 4 have been exhausted and should be addressed on the merits.

### 2. Claims 1 and 2

Respondent further asserts that the instant claims 1 and 2 were never properly exhausted because, as Martin has conceded, those claims were never raised on direct appeal to the Supreme

---

[12]As Martin properly asserted, such claims raising ineffective assistance of counsel cannot be raised on direct appeal, thus they are cognizable only in habeas.  Federal Petition, at 9, 11.

Court of Virginia.[13]   Respondent's Brief, at 2-3; see also Federal Petition, at 6, 8.   As Respondent further asserts, therefore, claims 1 and 2 are simultaneously exhausted and procedurally defaulted.   Respondent's Brief, at 2-3.   Martin had knowledge of the facts underlying these claims at the time he filed his direct appeal, and he could have raised the claims at that time.   Because he failed to do so, these claims would now be barred from review by the Supreme Court of Virginia as procedurally defaulted under Virginia law,   Va. Code Ann. § 8.01-654(B)(2).   See Clagett, 209 F.3d 370 at 378-79.   This rule has been held to be an "adequate and independent state ground" barring federal habeas review of the defaulted claims.   Pope v. Netherland, 113 F.3d 1364, 1372 (4th Cir. 1997).   Accordingly, claims 1 and 2 are exhausted due to procedural default.   Coleman, 501 U.S. at 750.

---

[13]The Court notes that Martin did raise these claims indirectly when he presented the issues of ineffective assistance of counsel in claims 1 and 2 of his state habeas petitions.  Specifically, in order for the Circuit Court to address ineffective assistance of counsel such as raised in the instant claim 3, that court was required to address the underlying issues of whether there were any defects in the search warrant and whether Martin had been unlawfully detained, and, if so, whether either issue would have reasonably been the basis for on objection and/or motion to suppress by counsel.   Similarly, in addressing ineffective assistance of counsel such as raised in the instant claim 4, the Circuit Court considered the significance of discrepancies in the testimony regarding the time that the confidential informant provided the tip to police in reaching its conclusion that counsel's actions at trial were not ineffective.   See also infra note 16 and Section III.C.2.

## B.  <u>Procedural Default</u>

The Court has determined that claims 1 and 2 are procedurally defaulted, having never been fairly presented to the Supreme Court of Virginia.  Nevertheless, Martin can still obtain review of his claims in this Court if he can meet one of the exceptions to the procedural-default doctrine.

### 1. Limited Exceptions to Procedural Default

Although claims 1 and 2 are procedurally defaulted, Martin may still obtain review of his claims if he can establish either: (1) cause for the default <u>and</u> demonstrate actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claim will result in a fundamental miscarriage of justice because he is actually innocent of the crime for which he was convicted.  <u>Clagett</u>, 209 F.3d at 379 (citing <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991)); Weeks v. Angelone, 176 F.3d 249, 269 (4th Cir. 1999).

As to the first exception, cause refers to "some objective factor external to the defense" that impeded compliance with the state's procedural rule.  <u>Strickler v. Greene</u>, 527 U.S. 263, 283 n.24 (1999) (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)).

> Objective factors that may constitute "cause" include: (1) "interference by officials that makes compliance with the State's procedural rule impracticable"; (2) "a showing that the factual or legal basis for a claim was not reasonably available to counsel"; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel.

12

Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting

McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)).  An absence of due

diligence by the petitioner will defeat an assertion of cause.  See

Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996).

In the instant case, Martin concedes that these claims were

never raised in his direct appeal, though he did raise the

ineffective assistance of counsel claims, on which these claims are

based, in his state habeas petitions.  Instead, Martin asserts as

cause for the default his counsel's failure to preserve the issues

by raising an objection at trial.[14]  Federal Petition, at 6, 8.  The

Court construes this as an argument to establish cause for the

default of claims 1 and 2 based on "constitutionally ineffective

assistance of counsel," which is the fourth factor raised supra.[15]

See Edwards v. Carpenter, 529 U.S. 446, 453 (2000); see also

Williams v. French, 146 F.3d 203, 210 n.9 (4th Cir. 1998)

(ineffective assistance of counsel claim "must be presented to the

---

[14]The Court notes Respondent's concession that Martin attempted
to show cause for the procedural default of claims 1 and 2.
Respondent's Brief, at 7.  Nevertheless, Respondent addressed each
of these claims together "[b]ecause these claims [1 and 2] are
functionally the same as [the instant] claim 3."  Id. at 7-8.

[15]The Court notes that none of the other above-referenced
factors support a finding of cause.  First, Martin has failed to
show that action by the government prevented him from raising the
issue on appeal.  See Smith v. United States, 2005 WL 2657386 at *2
(E.D. Va.)  Second, Martin has not made a credible showing that he
or his counsel were unaware of the circumstances underlying this
claim.  See id.  Third, Martin does not make any assertion of a new
rule of law that would justify cause in this instance.

state courts as an independent claim before it may be used to establish cause for a procedural default") (citing <u>Murray v. Carrier</u>, 477 U.S. 478, 489 (1986)).

Having asserted cause for the default,[16] Martin must also demonstrate actual prejudice to excuse his failure to raise the issue in his direct appeals in the state court. <u>Wright</u>, 151 F.3d at 160 n.5. To establish prejudice, it is the petitioner's burden to demonstrate "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." <u>Williams</u>, 146 F.3d at 210 (quoting <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982)) (other citations omitted). In the instant case, Martin makes the conclusory allegation that his constitutional rights were violated because his conviction was based on evidence obtained as a result of an illegal search and seizure and an illegal arrest, Federal Petition, at 6-8, but he does not explain how the outcome of his case would have been different had the allegedly-illegal search and seizure and arrest not occurred. The Circuit Court rejected this claim when it made certain findings. First, the Circuit Court found that, contrary to Martin's assertion, the record reflected that Detective Hartian did

---

[16]The Court has made no finding of cause in this instance, and notes that the underlying issues presented in the accompanying claims 3 and 4 do not support a finding of cause. <u>See infra</u> Section III.C.2.

complete and file the required affidavit to support the search warrant, thus defense counsel had no basis on which to file a suppression motion.  <u>Martin II</u>, at 2.  Second, the Circuit Court found that the allegedly-unlawful search was of no moment because Martin would have been subject to being searched once he was arrested pursuant to the outstanding arrest warrant, thus the drugs would have been located at that time.  <u>Id.</u>  Third, the Circuit Court found that because Martin had failed to comply with the arresting officer's command to place his hands behind his back, Martin "was not 'seized'," and therefore that command was of no consequence.  <u>Id.</u> at 3.  Finally, the Circuit Court found that any discrepancies in the testimony regarding the time that the confidential informant provided the police with the tip was a "highly unpromising avenue of evidence."  <u>Id.</u>  Consequently, Martin has not established the requisite prejudice for his failure to comply with the applicable state procedural rules.[17]

The Court does not consider the "miscarriage of justice" exception.  It is the petitioner's burden to establish the exception and Martin has not provided evidence that but for the asserted constitutional errors, no reasonable juror would have

---

[17]Though the Court has determined that claims 1 and 2 are procedurally defaulted and beyond federal habeas review, the Court notes that the essence of these claims is addressed on the merits in conjunction with the Court's analysis of the accompanying ineffective-assistance-of-counsel claims, <u>see infra</u> Section III.C.2.

found him guilty.  See Hazel v. United States, 303 F. Supp. 2d 753, 761 (E.D. Va. 2004) (citing Herrera v. Collins, 506 U.S. 390, 401-02, 429 (1993) (White, J., concurring), incorporating the standard established in Jackson v. Virginia, 443 U.S. 307, 317 (1979)).

Accordingly, the Court FINDS that claims 1 and 2 raised in the instant petition are procedurally barred before this Court, and recommends that these claims should be DENIED.

### C.  **Claims Rejected on the Merits in State Proceedings**

The Court now considers claims 3 and 4 on the merits.

### 1. Merits Analysis

A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d).  In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000).  See also Bell v. Jarvis, 236 F.3d 149, 157 (4th Cir. 2000) (recognizing that, for claims

16

adjudicated on the merits by the state court, the federal court "is limited by the deferential standard of review set forth in § 2254(d), as interpreted by the Supreme Court in Williams[]." Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Williams, 529 U.S. at 387. Moreover, "[a] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be [objectively] unreasonable." Id. at 411.

### 2. Claims 3 and 4: Ineffective Assistance of Counsel

In claims 3 and 4, Martin has asserted ineffective assistance of counsel.  The controlling standard for such claims is set forth in Strickland v. Washington, 466 U.S. 668 (1984).[18]  As such, to grant Martin relief on his claims, this Court must find that the state court's dismissal of those claims involved an unreasonable

---

[18]The Court notes that in the Federal Petition, Martin did not cite Strickland or its progeny.  Instead, in support of claim 3, he alleged violations of Rules 1.1 and 1.2 of the Rules of the Supreme Court of Virginia, and he cited Gilluly v. Commonwealth, 221 Va. 38 (1980), and Davis v. Commonwealth, 37 Va. App. 421 (2002).  Federal Petition, at 9 (attachment 1).  Martin also appears to have intended to cite Powell v. Alabama, 287 U.S. 45 (1932), Federal Petition, at 9, which the Court notes merely supports the general proposition that an accused is innocent until proven guilty and is entitled to sufficient time to consult with counsel and prepare a defense.

application of Strickland.   Under Strickland, the state court was required to subject Smith's claim to a two-prong test in which the petitioner must prove both ineffective assistance (incompetence) and prejudice.   Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). To grant relief, the state court had to find: (1) Martin's lawyer's performance fell below the range of competence demanded of lawyers in criminal cases, Strickland, 466 U.S. at 690; and (2) there is a reasonable probability that, but for the deficient performance by counsel, the ultimate result would have been different, id. at 694.

When assessing counsel's performance under Strickland's first prong, the Supreme Court has stressed that the constitutional guarantee of effective assistance of counsel seeks only to "ensure that criminal defendants receive a fair trial," and not to "improve the quality of legal representation." Id. at 689.   The reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.   In order to prevail, a petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).   Accordingly, the reviewing court must grant a "heavy measure of deference to counsel's judgments," and, in doing so, may only evaluate such performance from counsel's perspective at the time of the alleged error and in light of all the circumstances.   Id. at 690-91; Kimmelman, 477 U.S.

18

at 381.   Additionally, a reviewing court generally should assess counsel's overall performance throughout the case, <u>Kimmelman</u>, 477 U.S. at 386, and avoid "Monday morning quarterbacking." <u>Stamper v. Muncie</u>, 944 F.2d 170, 178 (4th Cir. 1991); <u>see also</u> <u>Strickland</u>, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . .").

The second prong of the <u>Strickland</u> analysis presents an equally rigorous standard.   To affirmatively prove prejudice, a petitioner must do more than merely demonstrate that his attorney's error had "some conceivable effect" on the outcome of the case. <u>Strickland</u>, 466 U.S. at 693.   Rather, the petitioner must demonstrate "a reasonable probability[19] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694.   As with the first prong, the reviewing court must consider the totality of the evidence before it in conducting the prejudice inquiry. <u>Id.</u> at 695.

Additionally, a reviewing court need not consider the two prongs of the <u>Strickland</u> analysis in sequential order. <u>Strickland</u>, 466 U.S. at 697.   The court need not even address both prongs if the petitioner fails to make a sufficient showing on one. <u>Id.</u>

---

[19]The Court notes that this standard is not so high as to require that a petitioner "show that counsel's deficient conduct more likely than not altered the outcome in the case." <u>Strickland</u>, 466 U.S. at 693-94.   "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> at 694.

When evaluating an ineffective assistance of counsel claim, a court should first apply whichever prong more quickly disposes of the respective claim.  See id.

### a.  Claim 3

In claim 3, Martin asserts that counsel was ineffective on two (2) separate grounds.  First, Martin asserts that counsel was ineffective for failing to object at the trial to the introduction of evidence obtained as a result of an allegedly-defective search warrant and for failing to file a motion to suppress on that basis. Federal Petition, at 9 and attachment 1.  Specifically, Martin argues that the search warrant served on Martin, a copy of which was attached as Exhibit 1 to Martin's Federal Petition, did not specify the offense for which it was issued and therefore was defective.[20]   Accordingly, Martin argues that counsel was ineffective for not objecting to the evidence obtained as a result of this illegal search.

_____

[20]The search warrant form, DC-339, refers to Va. Code Ann. §§ 19.2-56, -57, and it contains the following section that apparently was left blank by the affiant, Detective Hartian:

This SEARCH WARRANT is issued in relation to an offense substantially described as follows:

_____
_____
_____

The Court further notes that in relation to claim 1, from which the ineffective assistance of counsel claim 3 derives, Martin also asserted that the search warrant was defective because it did not have an affidavit attached.  Federal Petition, at 6.

As the second ground for claim 3, Martin asserts that counsel was ineffective for failing to object at trial to "[Martin's] illegal detention." Id. Specifically, Martin argues that counsel should have objected to the testimony at trial by the arresting officer, Detective Hartian, that showed Martin had been unlawfully detained when he was ordered to place his hands behind his back before probable cause had been established.[21]  Id.  To support this argument, Martin further asserts that Detective Hartian testified that he had not seen any drugs present during or after the unlawful

---

[21]Martin refers to the following testimony by Detective Hartian, which the Court notes was inaccurately quoted by Martin, Federal Petition, at 9 (attachment 1), during direct examination by the prosecuting attorney:

Q: What happened when you approached [Martin]?
A: I stepped out of my unmarked car, I went ahead and approached him. . . . at which point, I observed his right hand.  He clenched his right hand and moved it toward the area of his back, at which time, I told him to put his hands behind his back, I was going to detain him.
Q: And what did he do when you advised him that he was going to be detained?
A: He inquired as to why I was going to detain him, at which point, I told him that I had reason to believe that he was in possession of narcotics.  I went ahead and tried to make a basic grasp on him, at which point he ran.

Trial Transcript, at 9-10.

detention.[22]   Id.

Because the Supreme Court of Virginia summarily refused Martin's petition for appeal, Martin III, this Court looks to the disposition of his petition in the Circuit Court as the last reasoned state judgment on this claim.  Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).   The Circuit Court rejected Martin's ineffective assistance of counsel claims on the merits, citing Strickland v. Washington, 466 U.S. 668 (1984).  Accordingly, this Court may not grant relief unless it determines that the state court's decision on the merits was "legally or factually

---

[22]The Court notes that Martin did not provide support for this assertion from the trial transcript, but presumably he was referring to the following testimony by Detective Hartian during cross-examination by the defense attorney:

> A:   And when I advised him why I was going to detain him, I went ahead and made my grasp, at which point he went ahead and ran.
> Q:   And why did you tell him that you were going to detain him?  What was the reason you said to him on that day?
> A:   I had reason to believe that he was in possession of narcotics.
> Q:   Okay.  Isn't it true that your informant told you that he had narcotics in his hand?
> A:   That's correct.
> Q:   And did you notice narcotics in his hand when you approached him?
> A:   No.  All I saw was that he clenched his right hand and he moved it towards his back.

Trial Transcript, at 25.

unreasonable." See Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000) (quoting Aycox v. Little, 196 F.3d 1174, 1178 (10th Cir. 1999)).

The Circuit Court considered this claim on the merits and, based on its review of the record, found that Martin failed to satisfy either prong of Strickland for this claim because "counsel was not ineffective and there was no reasonable likelihood of a different outcome." Martin II, at 2. Specifically, as discussed supra, the Circuit Court found that the arresting office, Detective Hartian, "followed proper procedure" because he had filed the required affidavit to support the search warrant that was served on Martin. Id. Thus, even if the search warrant form was incomplete, the completion of the affidavit would have cured any defects in the search warrant. See Lebedun v. Commonwealth, 27 Va. App. 697, 708-09 (1998) (while the failure of a search warrant to recite the related offense renders the warrant "fatally defective," under Gilluly v. Commonwealth, 221 Va. 38, 41 (1980), an attached affidavit that recites the offense is sufficient to provide the requisite notice "because the affidavit 'becomes part of the search warrant'") (citing Va. Code Ann. § 19.2-56).

With respect to the second ground for claim 3, the Circuit Court found that Martin "was not 'seized'" as part of his arrest because he never actually complied with the arresting officer's command to place his hand behind his back. Martin II, at 3; see

<u>California v. Hodari D.</u>, 499 U.S. 621, 626 (1991).  Consequently, the court determined that it did not ultimately matter whether the officer had a lawful basis to issue the command in the first instance.  <u>Id.</u>  Similarly, the Circuit Court determined that the allegedly-unlawful search was of no moment because Martin would have been subject to being searched once he was arrested pursuant to the outstanding arrest warrant, thus the drugs would have been located at that time.  <u>Id.</u>

Because the state court clearly articulated the rationale behind its ruling, an independent review of the record is not necessary.  <u>See</u> <u>Bell v. Jarvis</u>, 236 F.3d 149, 163 (4th Cir. 2000). This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies.  There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law.  On its face, the state court's rationale appears to be a reasonable application of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), which provides the controlling standard in ineffective assistance of counsel claims.  Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts.

Based on the foregoing, Martin has failed to show that the

Circuit Court's dismissal of this claim on the merits was either factually or legally unreasonable. Accordingly, this Court RECOMMENDS that claim 3 be DENIED.

### b.   Claim 4

In claim 4, Martin asserts that counsel was ineffective for failing to object or to file a motion for discovery seeking to investigate a discrepancy in the times that a confidential informant provided a tip to police. Federal Petition, at 11 & attachment 2. Specifically, Martin argues that the capias warrant, a copy of which was attached as Exhibit 2 to Martin's Federal Petition, was sent by facsimile at "13:56" on April 22, 2003 by the Hampton Police, but at the trial Detective Hartian testified he received a telephone call from a confidential informant at 2:18 p.m. on that date.[23]   <u>Id.</u>   Martin contends that this discrepancy

---

[23]The Court notes the following trial testimony by Detective Hartian during direct examination (Trial Transcript, at 8):

> Q:   Where was it, sir, that you came into contact with the defendant?
> A:   Approximately 18 minutes after 2:00 . . . .
> Q:   Tell us what happened when you came into contact with him, please.
> A:   I had received information from a reliable, confidential informant that a black male in the alley of 20th Street and Jefferson Avenue, . . ., had heroin in his hand. . . .

and then cross-examination (Trial Transcript, at 8, 18-19, 22):

> Q:   Okay. Why, then, are you approaching Mr. Martin at 2:18 [p.m.] at 20th and

suggests that Detective Hartian could not have been aware of the existence of the capias before he attempted to arrest Martin, and Martin appears to further suggest that there was no informant at all. <u>Id.</u>

Because the Supreme Court of Virginia summarily refused Martin's petition for appeal, <u>Martin III</u>, this Court again looks to the disposition of his petition in the Circuit Court as the last reasoned state judgment on this claim. <u>Ylst</u>, 501 U.S. at 803. The Circuit Court rejected Martin's ineffective assistance of counsel claims on the merits, under <u>Strickland</u>, thus this Court may not grant relief unless it determines that the state court's decision on the merits was "legally or factually unreasonable." See <u>Bell</u>, 236 F.3d at 163 (citations omitted).

The Circuit Court considered this claim on the merits and, based on its review of the record, found that Martin failed to satisfy either prong of <u>Strickland</u> for this claim because counsel

---

        Jefferson, near the alleyway?
A:    Because I received a phone call from the confidential informant, who advised me of his observations and I acted on those observations.
. . .

Q:    All right.  And so where were you when you received this informant's telephone call?  Were you in a police car or were you at the station?
A:    I was in a police car.  I was a [only] couple of blocks away.

was not required to pursue such a "highly unpromising avenue of evidence." Martin II, at 3. Further, the Circuit Court noted that defense counsel did adduce certain evidence to probe the discrepancy and that counsel's arguments and issues raised "fully satisfied the deferential standard [under Strickland]." Id. at 3-4.

Because the state court clearly articulated the rationale behind its ruling, an independent review of the record is not necessary. See Bell, 236 F.3d at 163. This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies. There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law. On its face, the state court's rationale appears to be a reasonable application of Strickland, which provides the controlling standard in ineffective assistance of counsel claims. Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts.

Based on the foregoing, Martin has failed to show that the Circuit Court's dismissal of this claim on the merits was either factually or legally unreasonable. Accordingly, this Court RECOMMENDS that claim 4 be DENIED.

27

## IV. **RECOMMENDATION**

For the foregoing reasons, having denied Martin's request for appointment of counsel and for an evidentiary hearing, the Court recommends that Martin's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Martin's claims be DISMISSED WITH PREJUDICE.

Martin has failed to demonstrate "a substantial showing of the denial of a constitutional right."  Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## V. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that:

1.  Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof.  See Fed. R. Civ. P. 72(b).

2.  A district judge shall make a de novo determination of

those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

Entered on January 11, 2007

                                    /s/
                                F. Bradford Stillman
                                United States Magistrate Judge

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report and Recommendation was mailed

this date to the following:

Tony Terrell Martin, #327322
Southampton Work Center
15172 Old Belfield Road
Capron, VA  23829
PRO SE

Stephen R. McCullough, Esq.
Assistant Attorney General
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219


                              Fernando Galindo,
                              Acting Clerk of Court


                    By: _____
                         Deputy Clerk

                         January   , 2007